# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MOSES STRYKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:16-CV-0832-VEH** |
| ) | |
| **THE CITY OF HOMEWOOD, et** ) | |
| **al.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the Plaintiff, Moses Stryker, against the following

Defendants: the City of Homewood, Alabama ("the City"); Jason Davis; Brian Waid;

and Frederick Blake. The individual defendants are police officers, or were at the

time of the events described in the Amended Complaint, and are all sued in their

individual capacities. The Plaintiff alleges that Davis, Waid, and Blake used

excessive and unnecessary force in arresting the Plaintiff. Against the City and the

individual defendants, the Plaintiff sets out claims pursuant to 42 U.S.C. § 1983.

(Counts One and Two). Against the individual defendants, the Complaint also sets

out Alabama state law claims of assault and battery (Count Three), negligence (Count

Four), and wantonness (Count Five).[1]

This matter comes before the Court on Defendant Davis's partial motion to dismiss, in which he seeks dismissal of the section 1983 claim asserted against him in Count One, and the state law claims asserted against him in Counts Four and Five. He argues that all of these claims are time-barred, even though all parties agree that they were filed four days prior to the expiration of the applicable statute of limitations, because of the rule in Alabama that a case is not "commenced" unless the Complaint is timely filed <u>along with the bona fide intention of having it immediately served</u>. *See, Daniel v. Moye*, No. 1140819, 2016 WL 6649138, at \*15 (Ala. Nov. 10, 2016); *ENT Assocs. of Alabama, P.A. v. Hoke*, No. 1141396, 2016 WL 4585742, at \*6 (Ala. Sept. 2, 2016)*; Ex parte Courtyard Citiflats, LLC*, 191 So. 3d 787, 797 (Ala. 2015) ("We have explained that, in addition to being filed in a timely manner, the filing of a complaint must be done in a manner that demonstrates a bona fide intent, at the time of filing, to proceed with this action.") (internal quotations and citations omitted) *cert. denied sub nom. Arrington v. Courtyard Citiflats*, LLC, 136 S. Ct. 1194, 194 L. Ed. 2d 204 (2016). Davis insists that the Plaintiff's lack of intent to

---

[1] A review of the Amended Complaint reflects that the listed state law claims were also brought against the City. In addition, the Plaintiff asserted the state law claims of negligent hiring (Count Six) and negligent training and supervision (Count Seven) against the City. All state law claims asserted against the City were dismissed on July 7, 2017. (Doc. 65).

immediate serve the Complaint "is objectively evidenced by [the] Plaintiff waiting eight weeks to seek issuance of the Summons." (Doc. 42 at 2).

Very recently, in an opinion which extensively discussed this issue, this Court determined that the Alabama rule cited above does not apply in federal question cases. (Doc. 44, at 17, in *Flood v. Alabama Peace Officers Standards and Training Commission et al.*, 1:16-cv-01832-VEH). Further, in that same opinion this Court noted that, while the rule <u>does</u> apply to state law claims, such issues are better resolved in a motion for summary judgment. *Id.* at 32. The Court has attached that opinion as an exhibit to this opinion. For the same reasons noted in that opinion, the motion to dismiss the claims against Davis is due to be, and hereby is, **DENIED**.

**DONE** and **ORDERED** this 12th day of July, 2017.

VIRGINIA EMERSON HOPKINS
United States District Judge

**Attachment:**     Doc. 44, in *Flood v. Alabama Peace Officers Standards and Training Commission et al.*, 1:16-cv-01832-VEH